# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50082

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 6, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAZMYNE MYLECE TAYLOR, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction, sentence, and lifetime absolute driver's license suspension, <u>affirmed</u>.

Silvey Law Office LTD; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Jazmyne Mylece Taylor pled guilty to vehicular manslaughter Idaho Code § 18-4006(3)(b). The district court imposed a sentence of ten years with a minimum period of incarceration of four years. The court also absolutely suspended Taylor's driving privileges for her lifetime. Taylor appeals, contending that her sentence and the lifetime driving privileges suspension are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the

1

length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

During the sentencing hearing, the district court recognized that I.C. § 18-4007(e) gives the court discretion regarding whether and for how long a driver's license should be suspended, and that the length of the suspension was dependent upon the facts and circumstances of each individual defendant and case. The district court referenced the fact that Taylor's actions caused a death and then said it found a lifetime suspension of the driver's license was appropriate under the totality of the circumstances.

Applying the above standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing the sentence or the lifetime driver's license suspension. Therefore, Taylor's judgment of conviction, sentence, and lifetime driver's license suspension are affirmed.